IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALLISON ACEVEDO,

       Plaintiff,      Case No. 1:10 oe 40027

 -vs-

                    <u>MEMORANDUM OPINION</u>

JOHNSON & JOHNSON, et al.,

       Defendant.

KATZ, J.

   This matter is before the Court on Defendants' unopposed motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, Defendants' motion is well taken.

### MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1).

*A. 12(b)(1) Standard*

   Generally, Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) *cert. denied*. 513 U.S. 868 (1994). A facial attack challenges the sufficiency of the pleading itself. In contrast, a factual attack challenges the factual existence of subject matter jurisdiction. *See In re Title Ins. Antitrust* Cases, __F.Supp.2d__, 2010 WL 1267129 (N.D. Ohio 2010), *citing, Ohio Hosp. Ass'n v. Shalala,* 978 F.Supp. 735, 739 (N.D. Ohio. 1997).

   When a Court is inquiring about whether it has subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Richie*, 15 F.3d at 598 (internal citations omitted). *See also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1986). The Court may examine evidence of its power to

hear a case, and must make any factual findings to determine whether it has jurisdiction. *Kroll v. United States,* 58 F.3d 1087, 1090 (6th Cir. 1995); *Rogers v. Stratton Inds., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986); *Ohio Hosp. Ass'n v. Shalala,* 978 F.Supp. at 739 (N.D. Ohio. 1997).

*B. Discussion*

In her complaint, the Plaintiff declares herself to be a citizen of New Jersey and identifies the Defendant Johnson & Johnson as a New Jersey corporation which also has its principal place of business in New Jersey. Her complaint further alleges jurisdiction based upon a Minnesota statute as the Defendants conduct business in the state of Minnesota. In her complaint, Plaintiff characterizes herself as a non-resident of Minnesota and invokes a Minnesota state statute as the basis for jurisdiction of this action.

Under 28 U.S.C. § 1332, district courts have original jurisdiction in cases where the amount in controversy is at least $75,000 and is between citizens of different states. When challenged, the plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d at 1134 (6th Cir. 1986). As noted above, the Court need not accept the factual allegations as true and may probe further as to the factual basis underlying subject matter jurisdiction.

The Defendants contend and Plaintiff does not dispute that all Defendants are residents of New Jersey. 28 U.S.C. § 1332(c)(1). The Plaintiff has failed to demonstrate that complete diversity exists between the parties to trigger subject matter jurisdiction. Accordingly, this Court has the obligation to dismiss this matter for lack of subject matter jurisdiction. *See Carlisle v. United States*, 517 U.S. 416 (1996).

## CONCLUSION

Upon consideration and for good cause, Defendants' motion to dismiss (Doc. No. 12) is granted and this case is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

IT IS SO ORDERED.

                                                  S/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE